UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASSOCIATION OF THEATRICAL PRESS
AGENTS AND MANAGERS, UNION NO.
18032, I.A.T.S.E., AFL-CIO, CLC, by GORDON
FORBES, as SECRETARY-TREASURER,

              Plaintiff,

        -against-

ASTOR SHOW PRODUCTIONS, INC. d/b/a
BLUE MAN GROUP "TUBES," MARIA DIDIA,
and MANUEL IGREJAS,

              Defendants.

Civil Action No. *08CU4395*

Removed from: *Judge Scheindlin*

SUPREME COURT OF
NEW YORK,
COUNTY OF NEW YORK

State Court Index No. 08/105034

---

## NOTICE OF REMOVAL OF CIVIL ACTION

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

      PLEASE TAKE NOTICE that Defendants Astor Show Productions, Inc. d/b/a Blue Man

Group "Tubes" ("Blue Man Group"), Maria Di Dia, and Manuel Igrejas (collectively

"Defendants") hereby notice the removal of this civil action to the United States District Court

for the Southern District of New York from the Supreme Court of the State of New York,

County of New York, pursuant to 28 U.S.C. §§ 1441 and 1446.  Removal is made pursuant to 28

U.S.C. § 1331, on the basis of federal question jurisdiction.  The grounds for removal are more

particularly stated as follows:

      1.     This Notice of Removal is being filed within thirty days after receipt by

Defendants of a copy of the initial pleading setting forth Plaintiff's claims for relief.  28 U.S.C. §

1446(b).

2.       The basis for removal of this action arises under 28 U.S.C. § 1331, in that this Court has subject matter jurisdiction to adjudicate claims arising under the Constitution, laws, or treaties of the United States.  A defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's complaint presents a federal question.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

3.       Federal question jurisdiction generally exists when a well-pleaded complaint raises issues of federal law on its face.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983).   Here, Plaintiff's complaint ("Complaint") explicitly references both the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and the Labor-Management Relations Act of 1947, 29 U.S.C. § 141, *et seq.* ("LMRA").  *See* Complaint ¶ 12.

4.       Federal question jurisdiction also exists in this case based on the "complete preemption" of certain or all of Plaintiff's state common law claims by ERISA and/or the LMRA.

5.       Pursuant to 28 U.S.C. § 1446(a), removal to the United States District Court for the Southern District of New York is proper because this is the federal district court for the district and division embracing the place where the state court suit is pending.

6.       As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed with this Notice of Removal.

7.       Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the clerk of the Supreme Court of the State of New York, County of New York, to effect the removal of this civil action.

8.    Defendants reserve all substantive and procedural claims, counterclaims, and defenses, including but not limited to defenses respecting service of process, venue, and personal jurisdiction.

WHEREFORE, Defendants respectfully request that all proceedings in the state court action be discontinued, and that this action proceed in the United States District Court for the Southern District of New York as an action properly removed to it.

Dated: May 9, 2008
       New York, New York

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

*Douglass Maynard*

Douglass B. Maynard
Kenneth L. Shaitelman
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1022

*Attorneys for Defendant Astor Show Productions, Inc. d/b/a Blue Man Group "Tubes"*

PRYOR CASHMAN LLP

*Ronald H. Shechtman*

Ronald H. Shechtman
410 Park Avenue
New York, NY 10022
Telephone: (212) 326-0102
Facsimile: (212) 798-6302

*Attorney for Defendant Maria Di Dia*

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

*Toby M.J. Butterfield*

Toby M.J. Butterfield
41 Madison Avenue
New York, NY 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474

*Attorney for Defendant Manuel Igrejas*

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ASSOCIATION OF THEATRICAL PRESS AGENTS
AND MANAGERS, UNION NO. 18032, I.A.T.S.E.,
AFL-CIO, CLC, by GORDON FORBES, as
SECRETARY-TREASURER,

Plaintiff,

v.

ASTOR SHOW PRODUCTIONS, INC. d/b/a BLUE
MAN GROUP "TUBES," MARIA DIDIA, and
MANUEL IGREJAS,

Defendants.

Index No.

**08105034**

**SUMMONS**

Plaintiff designates New York County as
the place for trial.  Venue is based upon the
presence of Plaintiff in this County.

Plaintiff's address:
1560 Broadway, Suite 700
New York, New York  10036

TO THE ABOVE NAMED DEFENDANTS:
Astor Show Productions, Inc. d/b/a Blue Man Group "Tubes"
434 Lafayette Street
New York, NY  10003

Maria Didia
220 Harrison Street
Leonia, NJ  07605

Manuel Igrejas
185 Claremont Avenue
Montclair, NJ  07042

**FILED**

APR 08 2008

COUNTY CLERK'S OFFICE
NEW YORK

     You are hereby summoned and required to serve upon plaintiff's attorney an answer to
the complaint in this action, a true and correct copy of which is served upon you herewith, within
twenty days after the service of this summons, exclusive of the day of service, or within thirty
days after service is complete if this summons is not personally delivered to you within the State
of New York.  In case of your failure to answer, judgment will be taken against you by default
for the relief demanded in the complaint.

Dated:   New York, New York
        April 8, 2008

PITTA & DREIER LLP
*Attorneys for Plaintiff*

By: _____
     Jane Lauer Barker
     Michael D'Angelo
499 Park Avenue
New York, New York 10022
(212) 328-6100

{00344477.DOC;}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ASSOCIATION OF THEATRICAL PRESS AGENTS AND MANAGERS, UNION NO. 18032, I.A.T.S.E., AFL-CIO, CLC, by GORDON FORBES, as SECRETARY-TREASURER, | Index No. |
| | **COMPLAINT** |
| **Plaintiff**, | |
| v. | 08105034 |
| ASTOR SHOW PRODUCTIONS, INC. d/b/a BLUE MAN GROUP "TUBES," MARIA DIDIA, and MANUEL IGREJAS, | **FILED** |
| **Defendants.** | APR 08 2008 |
| | COUNTY CLERK'S OFFICE NEW YORK |

Plaintiff, ASSOCIATION OF THEATRICAL PRESS AGENTS AND MANAGERS,

UNION NO 18032, I.A.T.S.E, AFL-CIO, CLC, by GORDON FORBES, as SECRETARY-

TREASURER ("Plaintiff" or "ATPAM"), by its attorneys, Pitta & Dreier LLP, as and for its

Complaint against ASTOR SHOW PRODUCTIONS, INC. d/b/a BLUE MAN GROUP

"TUBES" ("Blue Man Group"), MARIA DIDIA ("Didia"), and MANUEL IGREJAS ("Igrejas")

(collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action to obtain damages and injunctive relief against Blue Man Group,

Didia, and Igrejas for breach of contract and fraud based upon a scheme by Blue Man Group,

Didia and Igrejas to obtain for Didia and Igrejas health, welfare, pension and annuity benefits

from employee benefit trust funds established by ATPAM and the Broadway League,

notwithstanding that neither Didia nor Igrejas is an eligible employee entitled to such benefits

under the terms of the governing documents.

**PARTIES**

2.      Plaintiff ATPAM is, and at all relevant times was, a labor organization with its principal office at 1560 Broadway, Suite 700, New York, New York 10036, engaged in representing persons who are employed as Theatre and/or House Managers,  Company Managers, Press Agents, Marketing Directors, and Casting Directors in the Broadway theatre, Off-Broadway theatre, stock companies, summer and other theatre, theatrical entertainment, opera, circus, carnival, concerts, ballets, musical presentations, and similar entertainment productions, exhibitions, and events.

3.      Gordon Forbes is the duly-elected Secretary-Treasurer of ATPAM and is a Union-appointed Trustee of the League-ATPAM Pension Trust Fund and the League-ATPAM Welfare Trust Fund.

4.      Defendant Blue Man Group is an Off-Broadway theatrical production produced at the Astor Place Theatre, 434 Lafayette Street, New York, New York 10003.

5.      Upon information and belief, Didia is a resident of the State of New Jersey, having an address at 220 Harrison Street, Leonia, New Jersey 07605.

6.      Upon information and belief, Igrejas is a resident of the State of New Jersey, having an address at 185 Claremont Avenue, Montclair, New Jersey 07042.

**FACTS**

7.      Blue Man Group and Didia are, and during all relevant times, were parties to a Standard Individual Contract of Employment ("Didia SIC") with ATPAM which incorporates all of the terms and provisions of the Minimum Basic Agreement between ATPAM and the Off-Broadway League.  The Minimum Basic Agreement sets terms and conditions of employment for persons represented by ATPAM who are employed by a signatory employer.

{00343017.DOC;}                                          2

8.    Under the Didia SIC, Didia was employed by Blue Man Group as the Company Manager for the New York Blue Man Group "Tubes" production at the Astor Place Theatre, 434 Lafayette Street, New York, New York, for an open-ended period.

9.    Blue Man Group and Ingrejas are, and during all relevant times, were parties to a Standard Individual Contract of Employment ("Igrejas SIC") with ATPAM which incorporates all of the terms and provisions of the Minimum Basic Agreement between ATPAM and the Off-Broadway League.

10.    Under the Igrejas SIC, Igrejas was employed by Blue Man Group as the Press Agent for the New York Blue Man Group "Tubes" production at the Astor Place Theatre, 434 Lafayette Street, New York, New York, for an open-ended period.

11.    The Minimum Basic Agreement requires that any Employer subject thereto contribute on behalf of its employees performing work under an SIC to the League-ATPAM Pension Trust Fund, the League-ATPAM Welfare Trust Fund and the Annuity Trust Fund (the "Trust Funds"). Under the terms of the Trust Funds' rules, each Employer must submit a weekly remittance report to the Trust Funds listing the employees covered by the Minimum Basic Agreement and the appropriate contribution amount for each employee entitled to benefits from the Trust Funds.

12.    The Trust Funds are established and maintained pursuant to Section 302(c) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c) and the Employee Retirement Income Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") for the exclusive purpose of providing certain health, welfare, pension and related benefits to eligible employees.

{00343017.DOC;}                                  3

13.    Since in or about 1992 and continuing, Blue Man Group has submitted weekly reports listing Didia and Igrejas as employees and has remitted contributions on their behalf to the Trust Funds.  As a result of said remittances, Didia and Ingrejas have enjoyed and received, and continue to enjoy and receive, the health and welfare benefits, pension credits and contributions, and annuity fund contributions provided for employees covered under its Minimum Basic Agreement.

14.    Upon information and belief, currently, and for some substantial period of time commencing in or about 2003, Didia has not been employed or working as Company Manager for Blue Man Group at the Astor Place Theatre.

15.    Upon information and belief, since in or about 2003, the position of Company Manager for Blue Man Group has been performed by at least two individuals, other than Didia, for whom Blue Man Group has not remitted contributions to the Trust Funds.

16.    Upon information and belief, currently, and for some substantial period of time commencing in or about 2003, Igrejas has not been employed or working as Press Agent for Blue Man Group at the Astor Place Theatre.

17.    Upon information and belief, since in or about 2003, the position of Press Agent for Blue Man Group has been performed by individuals, other than Igrejas, for whom Blue Man Group has not remitted contributions to the Trust Funds.

18.    Notwithstanding that, upon information and belief, neither Didia nor Igrejas are performing the work they were engaged to perform for Blue Man Group, Blue Man Group continues to remit reports listing Didia and Igrejas as employees eligible for benefits from the Trust Funds and continues to remit contributions on behalf of Didia and Igrejas.

19.   The remittance reports are submitted by an authorized representative of Blue Man Group and constitute a representation that Didia and Igrejas are performing the work they were engaged to perform under the Didia SIC and the Igrejas SIC and that they are eligible for benefits from the Trust Funds.

20.   Blue Man Group continues to remit union dues to ATPAM on behalf of Didia and Ingrejas notwithstanding that, upon information and belief, neither Didia nor Igrejas are performing the work they were engaged to perform for Blue Man Group.

21.   ATPAM and its affiliated Trust Funds rely upon the remittance reports and contributions remitted by Blue Man Group and the remittance of union dues on behalf of Didia and Igrejas as representation to ATPAM and its affiliated Trust Funds that Didia and Igrejas are eligible for the benefits, rights and privileges conferred upon employees covered by the Minimum Basic Agreement.

22.   Upon information and belief, defendants and each of them understood that the continuing remittance of reports, contributions, and union dues by Blue Man Group on behalf of Didia and Igrejas would represent to ATPAM and its affiliated Trust Funds that Didia and Ingrejas were performing the work they were engaged to perform by Blue Man Group under the Didia SIC and the Ingrejas SIC respectively and that, therefore, they are eligible to receive the benefits, rights and privileges conferred upon employees covered by the Minimum Basic Agreement.

## FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Breach of Contract)

23.   Plaintiff restates and realleges the allegations contained in paragraph 1 through 22 above as if fully set forth herein.

24.    By reason of the aforesaid conduct, Blue Man Group has breached the Didia SIC and the Igrejas SIC and the Minimum Basic Agreement.

25.    By reason of the aforesaid conduct, Didia has breached the Didia SIC and the Minimum Basic Agreement.

26.    By reason of the aforesaid conduct, Igrejas has breached the Igrejas SIC and the Minimum Basic Agreement.

27.    By reason of Defendants' breach of the Didia SIC and the Ingrejas SIC and the Minimum Basic Agreement, there is a justiciable controversy between the parties and Plaintiff is entitled to a judgment declaring that Defendants have breached the Didia SIC and the Igrejas SIC and the Minimum Basic Agreement.  Plaintiff will be irreparably harmed if such declaratory judgment is not rendered.

28.    Additionally, Plaintiff is entitled to such damages as Plaintiff can prove upon the trial of this action by reason of the aforesaid conduct of Defendants.

### SECOND CAUSE OF ACTION
### AGAINST BLUE MAN GROUP
### (Fraudulent Misrepresentation)

29.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

30.    Blue Man Group's submission of weekly reports and remittance of contributions to the Trust Funds on behalf of Didia and Igrejas misrepresent the eligibility of Didia and Igrejas for the benefits, rights and privileges provided by the Trust Funds and ATPAM.

31.    Blue Man Group knew, at all relevant times, that neither Didia nor Igrejas were performing the work for Blue Man Group that they were engaged to perform under the Didia SIC and the Igrejas SIC.

{00343017.DOC;}

32.     Blue Man Group, by its conduct, intended to defraud ATPAM and the Trust Funds.

33.     ATPAM justifiably relied upon Blue Man's Group's misrepresentations.

34.     By reason of the foregoing, plaintiff has been damaged in an amount to be determined at trial, with interest thereon as permitted by law.

### THIRD CAUSE OF ACTION
### AGAINST DIDIA
### (Fraudulent Concealment)

35.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

36.     Didia had a duty to disclose to Plaintiff that she is not performing the work she was engaged to perform for Blue Man Group pursuant to the Didia SIC.

37.     Didia's failure to disclose to Plaintiff that she is not performing the work she was engaged to perform for Blue Man Group pursuant to the Didia SIC constitutes a misrepresentation of her eligibility for the benefits, rights and privileges provided by the Trust Funds and ATPAM.

38.     Didia's failure to disclose to Plaintiff that she is not performing the work she was engaged to perform for Blue Man Group pursuant to the Didia SIC was intended to defraud and mislead Plaintiff so that Didia could continue to enjoy and receive the benefits, rights and privileges provided by Plaintiff and its affiliated Trust Funds.

39.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, with interest thereon as permitted by law.

{00343017.DOC;}                                          7

**FOURTH CAUSE OF ACTION**
**AGAINST IGREJAS**
**(Fraudulent Concealment)**

40.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

41.     Igrejas had a duty to disclose to Plaintiff that he is not performing the work he was engaged to perform for Blue Man Group pursuant to the Igrejas SIC.

42.     Igrejas' failure to disclose to Plaintiff that he is not performing the work he was engaged to perform for Blue Man Group pursuant to the Igrejas SIC constitutes a misrepresentation of his eligibility for the benefits, rights and privileges provided by the Trust Funds and ATPAM.

43.     Igrejas' failure to disclose to Plaintiff that he is not performing the work he was engaged to perform for Blue Man Group pursuant to the Igrejas SIC was intended to defraud and mislead Plaintiff so that Igrejas could continue to enjoy and receive the benefits, rights and privileges provided by Plaintiff and its affiliated Trust Funds.

44.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, with interest thereon as permitted by law.

**FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Negligent Misrepresentation)**

45.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

46.     Defendants and each of them are and were aware that the submission of weekly reports and the remittance of contributions and union dues by Blue Man Group on behalf of Didia and Igrejas would be used by ATPAM and its affiliated Trust Funds as the basis upon

which Didia and Igrejas were entitled to receive the benefits, rights and privileges provided by ATPAM and its affiliated Trust Funds.

47.    Plaintiff relied upon the submission of weekly reports and the remittance of contributions and union dues by Blue Man Group on behalf of Didia and Igrejas as the basis for their right to receive the benefits, rights and privileges provided by the Trust Funds and ATPAM.

48.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, with interest thereon as permitted by law.

### SIXTH CAUSE OF ACTION
### AGAINST DIDIA AND IGREJAS
### (Unjust Enrichment)

49.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

50.    By reason of the foregoing, Didia and Igrejas have been unjustly enriched by the amount of benefits, rights and privileges that they received unjustly in an amount to be determined at trial, plus interest.

### SEVENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Injunction)

51.    Plaintiff restates and realleges the allegations contained in paragraphs 1 through 22 hereinabove as if fully set forth herein.

52.    Plaintiff does not have an adequate remedy at law.

53.    Plaintiff will suffer irreparable injury in the absence of an injunction directing Blue Man Group to cease remitting reports and contributions and union dues on behalf of Didia and Igrejas ;

54.    By reason of the foregoing, Plaintiff is entitled to a permanent injunction.

WHEREFORE, Plaintiff demands judgment as follows:

(1)      on the First Cause of Action, declaring that Defendants have breached the Didia SIC and the Igrejas SIC and the Minimum Basic Agreement and awarding Plaintiff nominal damages or such damages as Plaintiff may prove at trial;

(2)      on the Second Cause of Action, awarding Plaintiff damages in an amount to be determined at trial;

(3)      on the Third Cause of Action, forfeiture of all benefits, rights and privileges received by Didia during the period that she was not performing the work she was engaged to perform for Blue Man Group;

(4)      on the Fourth Cause of Action, forfeiture of all benefits, rights and privileges received by Igrejas during the period that he was not performing the work he was engaged to perform for Blue Man Group;

(5)      on the Fifth Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, but no less than the forfeiture of all benefits, rights and privileges received by Didia and Igrejas during the period that they were was not performing the work they were engaged to perform for Blue Man Group;

(6)      on the Sixth Cause of Action, awarding Plaintiff damages in an amount to be determined at trial, but no less than the forfeiture of all benefits, rights and privileges received by Didia and Igrejas during the period that they were was not performing the work they were engaged to perform for Blue Man Group;

(7)      on the Seventh Cause of Action, permanently enjoining Defendants from continuing to remit reports and contributions and union dues for periods of time during which

{00343017.DOC;}                                              10

Didia and Igrejas are not performing work they were engaged to perform for Blue Man Group

pursuant to the Didia SIC and the Igrejas SIC and the Minimum Basic Agreement; and

(8) Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        April 8, 2008

                                        PITTA & DREIER LLP
                                        *Attorneys for Plaintiff*

                                        By: _____
                                            Jane Lauer Barker
                                            Michael D'Angelo
                                        499 Park Avenue
                                        New York, New York  10022
                                        (212) 652-3890

{00343017.DOC;}                         11

**INDEX No.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ASSOCIATION OF THEATRICAL PRESS AGENTS AND
MANAGERS, UNION NO. 18032, I.A.T.S.E., AFL-CIO,
CLC, by GORDON FORBES, as SECRETARY-
TREASURER,

Plaintiff,

v.

ASTOR SHOW PRODUCTIONS, INC. d/b/a BLUE MAN
GROUP "TUBES," MARIA DIDIA, and MANUEL
IGREJAS,

Defendants.

SUMMONS AND COMPLAINT

PITTA & DREIER LLP

Counsel for Plaintiff

499 Park Avenue
New York, New York 10022
(212) 652-3890

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 105034/08

---

ASSOCIATION OF THEATRICAL PRESS AGENTS AND MANAGERS, UNION NO. 18032, I.A.T.S.E., AFL-CIO, CLC, by GORDON FORBES, as SECRETARY-TREASURER,

Plaintiff,

-against-

ASTOR SHOW PRODUCTIONS, INC. d/b/a BLUE MAN GROUP "TUBES", MARIA DIDIA, and MANUEL IGREJAS

Defendants.

---

**STIPULATION**

---

AKIN GUMP STRAUSS HAUER & FELD, LLP
Douglass B. Maynard
Kenneth L. Shaitelman
590 Madison Avenue
New York, New York 10022
(212) 872-1000
*Attorneys for Defendant Astor Show Productions, Inc. d/b/a Blue Man Group "Tubes"*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ASSOCIATION OF THEATRICAL PRESS
AGENTS AND MANAGERS, UNION NO.
18032, I.A.T.S.E., AFL-CIO, CLC, by GORDON
FORBES, as SECRETARY-TREASURER,

Plaintiff,

-against-

ASTOR SHOW PRODUCTIONS, INC. d/b/a
BLUE MAN GROUP "TUBES," MARIA DIDIA,
and MANUEL IGREJAS,

Defendants.

**OFFICE COPY**

Index No. 08/105034

STIPULATION

[stamp, mirrored:] WITH COPY FILE / NOT COMPARED / APR 29 2008 / COUNTY CLERKS OFFICE / NEW YORK

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the respective parties herein, as follows:

The time for Defendants Astor Show Productions, Inc. d/b/a Blue Man Group "Tubes" and Maria Didia in which to answer, move, or otherwise respond to Plaintiff's Complaint shall be extended to and including June 10, 2008:

Dated:    New York, New York
          April 28, 2008

PITTA & DREIER LLP

By: _____
Jane Lauer Barker
Michael D'Angelo
499 Park Avenue
New York, New York 10022

*Attorneys for Plaintiff Association of*
*Theatrical Press Agents and Managers,*
*Union No. 18032, I.A.T.S.E., AFL-CIO,*
*CLC, by Gordon Forbes, as Secretary-*
*Treasurer*

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
Douglass B. Maynard
Kenneth L. Shaitelman
590 Madison Avenue
New York, New York 10022

Lawrence D. Levien
Elizabeth A. Cyr
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

*Attorneys for Defendant Astor Show Productions,*
*Inc. d/b/a Blue Man Group "Tubes"*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ASSOCIATION OF THEATRICAL PRESS
AGENTS AND MANAGERS, UNION NO.
18032, I.A.T.S.E., AFL-CIO, CLC, by GORDON
FORBES, as SECRETARY-TREASURER,

Index No. 08105034

Plaintiff,

-against-

**STIPULATION**

ASTOR SHOW PRODUCTIONS, INC. d/b/a
BLUE MAN GROUP "TUBES," MARIA DIDIA,
and MANUEL IGREJAS,

Defendants.

---

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the respective parties herein, as follows:

The time for Defendants Astor Show Productions, Inc. d/b/a Blue Man Group "Tubes" and Maria Didia in which to answer, move, or otherwise respond to Plaintiff's Complaint shall be extended to and including June 10, 2008.

Dated:    New York, New York
          April 28, 2008

PITTA & DREIER LLP

By: _____
Jane Lauer Barker
Michael D'Angelo
499 Park Avenue
New York, New York 10022

*Attorneys for Plaintiff Association of
Theatrical Press Agents and Managers,
Union No. 18032, I.A.T.S.E., AFL-CIO,
CLC, by Gordon Forbes, as Secretary-
Treasurer*

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _Kenneth L. Shaitelman_
Douglass B. Maynard
Kenneth L. Shaitelman
590 Madison Avenue
New York, New York 10022

Lawrence D. Levien
Elizabeth A. Cyr
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

*Attorneys for Defendant Astor Show Productions,
Inc. d/b/a Blue Man Group "Tubes"*

PRYOR CASHMAN LLP

By: _____

Ronald H. Shechtman
410 Park Avenue
New York, NY 10022

*Attorney for Defendant Maria Didia*